**Motion Denied, Appeal Dismissed, and Memorandum Opinion filed April 14, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00071-CV

---

### JOHN  W. SMALL, Appellant

### V.

### MURRIAH  MCMASTER, Appellee

---

**On Appeal from the County Court at Law No 1**
**Galveston County, Texas**
**Trial Court Cause No. 04-FD-2562**

---

### MEMORANDUM  OPINION

Appellant filed a notice of appeal on January 14, 2020, describing the orders on appeal as follows:

> Numerous hearings and re-hearings on multiple dates were filed and heard throughout this retrial since year 2016, concerning quashing of subpoenas and abuse of discovery process by McMaster, with details including serious violations of Federal laws immeasurably affecting Case 04-FD-2562 at its core elements. The most recent evidentiary hearing occurred December 13, 2019, which was the only reversal of

Small's motions by the court, save Small's quashed subpoena for McMaster's Discovery evidence. All previous hearings which ordered the Appellees to provide Small his request for Discovery of McMaster's financial data and location of Bankruptcy Trustee's declared marital estate ownership were ordered from the bench. Appellant was awaiting the Honorable Presiding Judge's Signature on his December 13, 2019 hearing order, which has been requested by Appellant Small by several recent trial court filings. However, since this is a repeatable, general issue since year 2016, no specific event is specified.

The only order signed by the trial court that appears in the clerk's record was signed December 13, 2019 and appoints an auditor under Texas Rule of Civil Procedure 172.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). There are no statutory provisions authorizing an interlocutory appeal from an order under Texas Rule of Civil Procedure 172.

On March 23, 2020, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). In response, appellant insists he is not appealing the order appointing an auditor and says his appeal is "as listed on [his] Docketing Statement"—specifically, "page 3, Section V and VI; page 4, Section VII; page 5, Section XI; page 6, Section XII, Type of Case, and page 8, Section XIV, brief description of issues." Like appellant's notice of appeal, his docketing statement complains generally of various actions over the course of this 16-year litigation. Nowhere is an appealable order

identified.

The appeal is dismissed for lack of jurisdiction. Appellant's motion to extend time to file his brief is denied as moot.

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer.